UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTOPHER PREM                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:05-CV-146WS

ANDREW H. VAN LEESTEN                                                             DEFENDANT

## ORDER OF DISMISSAL

Before the court is the motion of the defendant Andrew H. Van Leesten to dismiss the above styled and numbered cause for failure of the plaintiff Christopher Prem to comply with this court's Order dated October 25, 2005.  This Order permitted counsel for the plaintiff to withdraw and directed the plaintiff either to obtain new counsel or to notify this court in writing that he wished to proceed *pro se* and to provide the court with his address for service of pleadings, motions and orders in this case withing thirty days of the date of the Order.  The thirty-day time period allowed by the court for a response from the plaintiff expired with no reply from the plaintiff.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Such a dismissal may be with or without prejudice.  *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).  A dismissal with prejudice is appropriate if the failure to comply with a court order was

the result of purposeful delay or contumacious conduct and/or the imposition of lesser sanctions would be futile. *Id.*

In the instant case the plaintiff has not responded, has provided no address, has not requested additional time for any action and simply has not engaged in any effort to prosecute his cause.  Therefore, this court finds that the imposition of a sanction less than dismissal of this case would be futile, and the above styled and numbered case is dismissed without prejudice for want of prosecution.

**SO ORDERED** this the 7th day of April, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-cv-146WS
Order of Dismissal